# MONTGOMERY McCRACKEN
ATTORNEYS AT LAW

| | | |
|---|---|---|
| **Timothy J. Pastore**<br>Admitted in New York & Massachusetts<br>Vice-Chair, Litigation Department | 437 Madison Avenue<br>New York, NY 10022<br>Tel:  212-867-9500 | Direct Dial:         212-551-7707<br>Fax:                   212-599-5085<br>Email:        tpastore@mmwr.com |

February 22, 2023

<u>Via ECF</u>

Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1920
New York, New York  10007

   Re: <u>Building Management Associates, Inc. v. Gigante, et al.</u>
      Civil Action # 1:23-cv-01340-JLR-SN

Dear Judge Rochon:

  My firm represents LaToya Allen, a defendant in the above-referenced action.

  Together with the accompanying Declaration of LaToya Allen, dated February 22, 2023, we respectfully submit this letter in opposition to the Motion for a Temporary Restraining Order and Preliminary Injunction (the "Motion") of Plaintiff Building Management Associates, Inc. ("BMA") against defendants Salvatore Gigante and LaToya Allen.

  Mindful that this Court will be receiving an abundance of submissions on this matter, we incorporate by reference and join in the factual and legal arguments presented in the contemporaneous filings by co-defendant Salvatore Gigante and non-party SEBCO, including their respective Memoranda of Law and the accompanying Declarations of Salvatore Gigante and David Samuels, both dated February 22, 2023, and the exhibits annexed thereto.

  Of the six counts in the Complaint, only the last count – for purported tortious interference – applies to Ms. Allen.  There is no basis for this claim and no basis to grant the drastic injunctive relief sought by BMA against Ms. Allen.

  <u>First</u>, Ms. Allen is an officer of non-party SEBCO and a former at-will employee of BMA.   She is not subject to any non-compete agreement, non-solicitation agreement, confidentiality agreement or other form of a restrictive covenant that could remotely justify enjoining her from the performance of her duties on behalf of SEBCO.

  <u>Second</u>, Ms. Allen did not participate in the decision to terminate the property management services provided by BMA to SEBCO and its subsidiaries.  Those decisions were made by the respective Boards of Directors of SEBCO and its subsidiaries – as was their right as

Montgomery McCracken Walker & Rhoads LLP

Page 2

owners of the real property managed by BMA.  Ms. Allen, in turn, has a duty to follow the directives of the Boards of Directors and fulfill her obligations as an officer of SEBCO.

<u>Third</u>, Ms. Allen did not induce any of her former coworkers to leave BMA.  As her Declaration reveals and as the resignation letters of those at-will employees demonstrate, there was ample justification for those employees to resign from BMA of their own volition.  They were subject to inappropriate and harrowing misconduct by the new leadership of BMA and repeatedly and justifiably expressed concern for the safety and security of their jobs.

For the reasons set forth in the various opposition papers submitted on behalf of both defendants and non-party SEBCO, we respectfully request the denial of the Motion.

We thank Your Honor for the opportunity to be heard on this matter.

Respectfully submitted,

*Timothy J. Pastore*

Timothy J. Pastore